## SARAH B. EATON *v.* WALTER B. CHAPIN.

To an action of assumpsit, the defendant pleaded the statute of limitations, to which the plaintiff replied, in substance, that within six years of the accruing to her of the cause of action, she sued out of the Supreme Court for the county of Providence a writ upon the same cause of action and delivered it to a deputy sheriff of said county, naming him, for service; that the deputy sheriff returned it, not served, for want of the body, goods and chattels or real estate, or any last and usual place of abode of the defendant, to be by him found within his precinct; and that, within one year thereafter, the plaintiff commenced the present action: *Held,* that this was a good answer to the plea, under Ch. 177, section 8, of the Revised Statutes.

ASSUMPSIT by an endorsee against the maker of a promissory note for the sum of $980.10, dated February 16th, 1856, and payable six months after date.

Plea, statute of limitations. The second replication to said plea was, " that within six years next after the said several causes of action in the said declaration mentioned accrued to the plaintiff, to wit, on the 18th day of August, 1862, for the recovery of the said several causes of action, she sued out of the Supreme Court of the county of Providence, a writ of summons, in an action of the case against the said defendant, and on the same day delivered said writ to William H. Hudson, a deputy sheriff of the county of Providence, for service; that on the

fourth Monday of September, 1862, on which day said writ was returnable to said court, the said deputy sheriff returned the said writ to said court without service, for want of the body, goods and chattels, or real estate, or any place as the last and usual place of abode of the said defendant, to be by him found within his precinct; that the plaintiff, to wit, on the 9th day of September, 1862, and within one year from the issuing of the first writ in this case as aforesaid, sued out another like writ, returnable to said court, on the fourth Monday of March, 1863, for the said defendant to answer the complaint of the plaintiff in the action aforesaid; that said writs were severally sued out by the plaintiff against the defendant, with intent to implead the said defendant upon and for the several causes of action in the declaration mentioned, and to cause him to appear in the said court to answer the complaint of the plaintiff in said action, and with intent to declare against him for the said several causes of action in the said declaration mentioned; that according to her said intent the plaintiff afterwards, to wit, on the 11th day of March, A. D. 1863, declared upon said last mentioned writ against the said defendant, and that the said several causes of action in the said declaration mentioned, and each and every of them, did accrue to the plaintiff within six years next before the issuing of said first mentioned writ out of said court, in manner and form as the said plaintiff has declared against him; and this, she, the said plaintiff, is ready to verify; wherefore she prays judgment," &c.

To this plea the defendant demurred, generally, and the plaintiff joined in the demurrer.

*B. N. and S. S. Lapham, for the plaintiff.*

*Currey, for the defendant.*

BULLOCK, J.   The *second* replication alleges, that within six years next after the several causes of action declared upon accrued, the plaintiff sued out of the Supreme Court of the county of Providence her writ, and delivered the same to William H. Hudson, then a deputy sheriff of said county, for service, who thereafter, and on the return day thereof, duly returned the same without service, for want of the body, goods and chattels, or real estate, or of any last and usual place of abode of the defendant to be by him found, within his precinct; and that, within one year

from the issuing of said *first* writ, the plaintiff sued out of the same court a *second* writ for the same causes of action. To this replication, the defendant *demurs.*

Section 8, Ch. 177, of the Revised Statutes, declares, that if " any action, duly commenced within the time limited " by law, " shall be abated, or otherwise avoided or defeated," " for any matter," " the plaintiff may commence a new action for the same cause, at any time within one year after the abatement, or other determination, of the original suit." It has been decided that the act of suing out a writ is the commencing of an action, within the meaning of the statute of limitations ; *Hall* v. *Spencer,* 1 R. I. Rep. 17 ; and, that if the officer to whom such writ is delivered is unable to make service of it, it is, nevertheless, such a commencing of an action as entitles the plaintiff to sue out a second writ for the same cause of action within one year. *Taft & Co.* v. *Daggett,* 6 R. I. Rep. 272.

The demurrant, without controverting the authority of these decisions, contends, that a party, to avail himself of the exception of the statute, should plead specially every fact necessary to bring his case within its operation ; and that, inasmuch as the statute (Ch. 178) requires a writ of summons to be directed to the sheriffs of the several counties or to their deputies, the replication should show, affirmatively, that the writ sued out in the first action was so directed. The replication demurred to alleges that the plaintiff " sued out of the Supreme Court of the county of Providence " " a writ of summons against the defendant," and for the recovery of these identical causes of action. The statute last referred to (Ch. 178) enacts what the form of a writ of summons shall be, to whom it shall be directed, how it shall issue, &c. If it be necessary to aver to whom this writ was directed, it would seem equally necessary to aver that it was issued in the name of the State ; that it bore the seal of the court and the signature of the clerk, and was tested in the name of the Chief Justice. We do not deem any such averment necessary. The allegation, that a writ of summons issued, implies that it was such a writ of summons as the statute recognizes and enacts, and that the writ contained within itself all the essentials which the enacting power has required to constitute it such. Any state-

ment of details, coupled with the plain and positive averment that a writ of summons issued, would be mere surplusage, and would make the pleadings more prolix, but not more certain. If the writ sued out was not, in fact, what the plaintiff avers it to be, the defendant should traverse the averment.

The demurrant insists further that the second replication is defective in this,—that it omits to allege that when the writ in the original action was sued out, the defendant was a resident of the county of Providence, or had property there upon which process could be served, or had there a last and usual place of abode; and that the allegation, that such writ was placed in the hands of a deputy sheriff of that county, is not sufficient, without the superadded averment that the defendant was then a resident of such county, or had property there liable to attachment. The writ issued in the original action is not before us. It does not, therefore, appear what residence was given to the plaintiff in that writ; neither, that he was not therein described as of Providence county. It does not appear by the pleadings that he was not, at that time, in fact, a resident of that county, only so far as it may be negatived by the allegation that the officer could not make service of the writ. But we do not deem this matter, in the present state of the pleadings, material. The question raised by the demurrer is, the sufficiency of the replication,—does it answer the defendants plea? He alleges that the cause of action did not accrue within six years; this the plaintiff admits, but seeks to avoid its legal effect by showing that, within the six years, he sued out of the Supreme Court of this county a writ upon the same cause of action, and delivered it to an officer authorized to serve it, and that the suit was defeated for want of service, and that within *one* year thereafter he commenced this action. This is all the statute requires, to prevent the cause of action from being barred. If it be necessary to allege, affirmatively, that the defendant was then a resident of Providence county, it would be also necessary to set out specially every other fact upon which the jurisdiction of the court depends. The replication shows the seasonable commencement of a suit by the issuing of a writ, returnable to a court competent to try such a cause of action. These averments the demurrer confesses. If

that court did not have jurisdiction from any special cause, and such cause will avail the defendant, it is for him to bring such cause upon the record by a proper plea. The declaration in this suit describes the defendant as a resident of Providence county, but that may not conclude the question of the jurisdiction to which he was subject at the time of the issuing of the former writ.

The due commencement of an action is, the suing out, from a court competent to adjudicate upon the cause of action, a proper writ, that is, a writ adapted to the cause of action, with the intent to implead the defendant in such action. Service of the writ is not essential, and may be, at the time, impracticable. One object in extending the time of the limitation was to meet the case of a non-service of the first writ. The plaintiff is bound to ordinary diligence to bring the defendant into court, and this implies the seasonable delivery of the process to a proper officer of the precinct or jurisdiction in which the plaintiff has reasonable grounds to suppose the defendant resides or may be found, or has property. And hence it was held, under a statute similar to our own, that the suing out of a proper writ and the delivery thereof to an officer in the town where the defendant formerly resided, but from which he had removed two years previous without the plaintiff's knowledge, in consequence of which removal service was not made, was such a commencement of the action as entitled the plaintiff to sue again within the one year. *Bullock* v. *Dean*, 12 Metc. 15. And in *Woods et al.* v. *Houghton*, 1 Gray, 580, where the writ was returnable to the court of one county, the defendant residing in another, and the suit was accordingly, upon motion, dismissed for want of jurisdiction, this action was held to be duly commenced within the meaning of the Massachusetts statute of limitations. These decisions are consonant to the reason of the law and the general policy of statutes of limitation. These statutes are liberally construed for the benefit of plaintiffs, for the reason that the bar they interpose is not founded upon an actual extinguishment of the cause of action, but its presumed extinguishment from lapse of time. They are predicated upon a continued neglect or omission on the part of a claimant to enforce his claim. But no such neglect is chargeable to a party who is suing his claim, though the particular mode

and process adopted may, for the time, prove ineffectual. The language of our statute is broad. It declares that if the first action, being duly commenced, shall be abated or otherwise avoided-or defeated *for any matter*, a second action for the same cause may be brought within *one* year thereafter. If a plaintiff, therefore, in good faith, sues out his first writ within the time of the general limitation, describing the defendant therein as of a jurisdiction last known to the plaintiff as his residence, and seasonably delivers the writ to an officer authorized to serve it within that jurisdiction, the plaintiff intending to declare against and implead the defendant in such action if process is served, we deem this such a due commencing of his action within the meaning of the statute, as will take the cause of action out of the operation of the general limitation, and will entitle the plaintiff to sue again, for the same cause, within *one* year thereafter.

The demurrer to the second replication is therefore overruled.